# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARY KAY BRIZZEE,

    Plaintiff,

v.                                                                               No. 19cv241 WJ-JHR

THE CITY OF ALBUQUERQUE
CODE ENFORCEMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint With Prejudice, filed March 20, 2019 **(Doc. 4)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is meritorious and, therefore, is granted.

### BACKGROUND

Plaintiff, who is proceeding *pro se,* filed this lawsuit in the Second Judicial District, County of Bernalillo, on February 25, 2019. The handwritten complaint is almost a page long, alleging that Defendant City of Albuquerque Code Enforcement ("City" for purposes of this Order) violated the "state of stay" and her "civil rights" by "trying . . . to evict me from my home of 23 years due to the fact that I have no utilities" and "put[ting] a $500.00 lien on my home." Doc 1-1 at 1. Defendant removed the case under federal-question jurisdiction arising from the civil rights claim. Doc. 1 at 2.

### DISCUSSION

**I.**     **Legal Standard**

In reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (citation and internal quotation omitted). "To survive [dismissal,] a complaint must contain enough facts to state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must address "all the material elements" of a claim to survive dismissal). *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)

Pleadings drafted by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "this leniency applies to the examination of technical language in pleadings rather than to their substantive content." *United States v. Santos-Savera,* 47 F. App'x 915, 916 (10th Cir. 2002) (unpublished) (emphasis omitted) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) ("This court . . . will not supply additional factual allegations to round out a pro se plaintiff's complaint or construct a legal theory on a plaintiff's behalf.").

Plaintiff has filed no response to Defendant's motion. Under this Court's local rules, the failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion D.N.M.LR-Civ. 7.1(b). However, a district court may not grant a motion to dismiss for failure to state a claim "merely because [a party] failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003). Even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must

still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted. *See McCall v. Pataki,* 232 F.3d 321, 322–23 (2nd Cir.2000) (holding that district court erred in dismissing plaintiff's complaint pursuant to court's local rules based solely on plaintiff's failure to file response to motion to dismiss under Rule 12(b)(6). Therefore, in addressing this motion, the Court is required not only to consider Defendant's arguments but also to consider the allegations in the complaint and decide whether if taken as true, they state a claim on which relief can be granted. *Giummo v. Olsen*, 701 F. App'x 922, 925 (11th Cir. 2017).

**II.     Analysis**

Plaintiff alleges that she was evicted from her home after living there for 23 years because she has no utilities in her home. The City has placed a $500.00 lien on her home. She complained twice to the housing committee which advised her to board up her house and leave until the utilities went back on. She states that her house caught fire, and that it was a total loss. The house was rebuilt, but not to New Mexico standards. It was built instead according to California standards, which she asserts is a higher standard because of the earthquakes that occur in California. Plaintiff feels that the City has violated her civil rights because they found her home to be substandard.

Plaintiff's claims appear to arise from the Albuquerque Code of Ordinances, specifically from action taken by the Code Enforcement division of the City of Albuquerque's Planning Department. The relevant ordinance would be section 14-3-4-1 of the Uniform Housing Code addressing "Substandard Buildings," which among other things, prohibits occupancy of substandard buildings and provides for the recording of title liens against non-compliant homeowners.[1]  *See* Section 14-3-4-1(B)(3) ("A lien shall be recorded with the Bernalillo County

---

[1] §14-3-4-1 is found in Article 3 (Uniform Housing Code); Part 4 (Substandard Buildings).  *See* https://www.cabq.gov/planning/code-enforcement-zoning.

3

Clerk's Office for all the costs incurred by the city as a result of abating the property)" and Section 14-3-4-1(B)(4) ("Whenever the inspector finds that any structure contains an imminent hazard or health hazard, the inspector may declare such structure unfit for human occupancy and order it to be vacated . . . .").

    A.    <u>Writ of Mandamus and Injunctive Relief</u>

Plaintiff seeks an order directing the City to allow her to stay in her house. Specifically, she seeks an order directing Defendant to (1) "back off trying to put me out of my home," and (2) "take the lien off my home." (Doc. 1-1 at 2.)

In this motion to dismiss, Defendant contends that the possible remedies from this Court, a writ of mandamus or injunctive relief, are either not available to Plaintiff or are insufficiently requested. Relief is not available to Plaintiff under the mandamus statute, 28 U.S.C. § 1361. A a writ of mandamus cannot issue because Defendant is not "an officer or employee of the United States or any agency thereof." *See also Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) (unpublished) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials.").

As for injunctive relief, Plaintiff's fails to carry her burden and allege any of the necessary elements to justify a temporary restraining order or preliminary injunction under Fed.R.Civ.P. 65. A party seeking a preliminary injunction must establish: (1) that it has a substantial likelihood of success on the merits; (2) that the movant will suffer irreparable injury if the preliminary injunction is not granted; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction will not be adverse to the public interest. *See GTE Corp. v. Williams*, 731 F.2d 676, 677 (10th Cir. 1984). While the Court is not unsympathetic to Plaintiff's situation, Plaintiff cannot prevail on a showing under

these factors. The City is within its authority to follow procedures and take action under the housing code to ensure the safety of the public where a structure contains an imminent hazard or health hazard.

Thus, Plaintiff is not entitled to either a writ of mandamus or injunctive relief.

B.  No Administrative Remedy

Construing the complaint liberally, Plaintiff essentially seeks a review of the action taken by the City's Code Enforcement division. Two rules of civil procedure apply to review procedures: NMRA 1-074 and NMRA 1-075. Rule 1-074 applies when there is a statutory right to review, while Rule 1-075 applies when there is not. The Uniform Housing Code does not appear to contain a right to review, so Plaintiff's request falls under Rule 1-075.

Rule 1-075 addresses constitutional review by a district court of administrative decisions and orders. It governs writs of certiorari to administrative officers and agencies pursuant to the state constitution when there is no statutory right to appeal or other statutory right of review. Rule 1-075(A). As Defendant notes, the rule is complex and contains multiple threshold requirements for aggrieved parties to follow, including filing a detailed petition for writ of certiorari within 30 days of the adverse agency decision. *See* Rule 1-075(B), (C), (D) (requiring filing of petition for writ of certiorari in district court; filing copy of petition with agency that is endorsed by clerk of district court. The complaint does not indicate that any of these requirements have been followed.

C.  Municipal Liability Claim Under 42 U.S.C. §1983

Defendant correctly observes that "The City of Albuquerque Code Enforcement" is not a suable entity under 42 U.S.C. §1983. New Mexico law vests municipalities, not individual departments, with the power to sue or be sued, and with the authority to contract. NMSA §3-18-1 (Repl. 1985). Thus, local departments cannot be held separately liable in an action brought under

5

§1983. *See Howard v. City of Albuquerque,* Civ. No. 90 1019 JC, slip op. at 2 (D.N.M. July 12, 1991) (a city's police department which is an integral part of city government and merely a vehicle through which the city government fulfills its policing functions is not a proper party defendant) (citing numerous cases); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (§1983 claims dismissed because city of Denver Police Department not a separate suable entity).

The Court considers this a legal technicality which a *pro se* plaintiff would not know, and so will not dismiss Plaintiff's federal claim because she sued the wrong entity. Nevertheless, even assuming Plaintiff had named the appropriate defendant, the claim still fails. While municipal liability for constitutional violations may exist under § 1983, such a claim may not be premised on a theory of *respondeat superior*.[2] *Dodds v. Richardson*, 614 F.3d 1185, 1197 (10th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. at 676 (vicarious liability is "inapplicable to . . . § 1983 suits") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Rather, a plaintiff must show the existence of a municipal custom or policy, and a direct causal link between the custom or policy and the alleged violation. *City of Canton v. Harris*, 489 U. S. 378, 385 (1989); *City of Oklahoma City v. Tuttle*, 471 U. S. 808, 823 (1985). Finally, where a plaintiff seeks to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate plaintiff's rights, she also must demonstrate that the municipal action was taken with deliberate indifference to its known or obvious consequences. *Bd. of County Commrs of Bryan County v. Brown,* 520 U. S. 397, 407 (1997).

Plaintiff fails to allege any facts that remotely resemble the basis for a municipal liability claim under §1983. There is no reference to a policy that was enacted or maintained with deliberate

---

[2] "Respondeat superior" refers to a common-law doctrine that makes an employer liable for the actions of an employee when the actions take place within the scope of employment. *See:* https://legal-dictionary.thefreedictionary.com/respondeat+superior.

6

indifference, or even to a specific constitutional right that Defendant violated in acting under the Housing Code. Because Plaintiff's complaint does not contain "allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory," it will be dismissed. *See Bryson*, 534 F.3d at 1286; *see also Garrett v. Selby Connor Maddux & Jane*r, 425 F.3d 836, 840 (10th Cir. 2005) (Even pro se litigants are expected to follow the rules).

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint With Prejudice **(Doc. 4)** is hereby GRANTED, for reasons described in this Memorandum Opinion and Order.

The Court's ruling on Defendant's motion is dispositive of both Plaintiff's Complaint and her motion, and a Rule 58 Judgment shall be entered separately.

_____
CHIEF UNITED STATES DISTRICT JUDGE